MAYER BROWN LLP
Elizabeth J. Crepps (SBN 288414)
*ecrepps@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:   (213) 229-9500
Facsimile:    (213) 625-0248

Nancy G. Ross (*pro hac vice*)
*nross@mayerbrown.com*
Richard E. Nowak (*pro hac vice*)
*rnowak@mayerbrown.com*
71 S. Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711

Attorneys for All Defendants

**NOTE: CHANGES MADE BY THE COURT**

DAVIS LAW GROUP, PLC
D. Jason Davis (State Bar No. 193225)
17383 W. Sunset Blvd., Suite A380
Pacific Palisades, California  90272
Telephone:  (424) 256-0700
Facsimile:   (424) 256-7950
jdavis@dlglawcorp.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN THOMAS, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>NORTHROP GRUMMAN CORPORATION; NORTHROP GRUMMAN PLANS ADMINISTRATIVE COMMITTEE; NORTHROP GRUMMAN ELECTRONIC SYSTEMS-SPACE DIVISION CONSOLIDATED PENSION PLAN; NORTHROP GRUMMAN ERISA SUPPLEMENTAL PLAN,<br><br>             Defendants. | Case No. 2:15-cv-02115-PSG-FFMx<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED] PROTECTIVE ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION** |

---

[PROPOSED] PROTECTIVE ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL
INFORMATION; CASE NO. 2:15-CV-02115-PSG-FFM

718133416

The Court hereby adopts the protective order stipulated to by the parties (Dkt. No. 38).

IT IS HEREBY ORDERED AS FOLLOWS:

1.  This Protective Order Governing the Treatment of Confidential Information (the "Protective Order") shall govern the handling of all documents, testimony, and discovery responses, including all copies, excerpts, and summaries thereof (collectively "Material"), provided during the course of the above-captioned matter (the "Litigation") by the Parties to the Litigation or by non-parties, either voluntarily, or as required by discovery requests made pursuant to the Federal Rules of Civil Procedure.

2.  The provisions of this Protective Order shall apply to any "person," which, as used herein, shall include (a) all parties to the Litigation, and (b) any other individual, person, or entity receiving, producing, or disclosing Material in the Litigation.

3.  Whether or not designated as "Confidential Material," as defined in paragraph 5, all documents and information obtained through this lawsuit shall be used only for the purposes of investigating, preparing for, and conducting the Litigation in which such Material is produced, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive, or other purpose without the prior written consent of the Producing Party or their counsel.

4.  This Protective Order shall not apply to any document, testimony, or other information that (a) is already in the receiving Party's possession at the time it is produced other than as a result of a breach of legal obligation, (b) becomes generally available to the public other than as a result of disclosure in violation of this Order or in breach of any other legal obligation, or (c) becomes available to a Party through any means other than the Litigation.

5.  Any person who produces Material (a "Producing Person") may at any time designate as "Confidential" any non-public Material that such person produces in the course of the Litigation that such Producing Person believes in good faith contains (a) a trade secret or other confidential or proprietary research, development, financial, or commercial information or private, personal, or other information entitled to be treated as confidential under Fed. R. Civ. P. 26(c); (b) any information in the custody, possession, or control of a Producing Person, the disclosure of which, absent this Protective Order, could constitute a violation of any third party's right of privacy or otherwise violate an obligation of confidentiality that such Producing Person owes to a third party; and/or (c) any information and know-how which, by the nature of the circumstances surrounding disclosure, ought in good faith to be treated as proprietary or confidential.

In addition, any Party may designate as "Confidential" any Material that is produced by any other Party or any third party that such Party believes in good faith contains a trade secret or other confidential or proprietary research, development, financial, or commercial information or private, personal or other information entitled to be treated as confidential under Fed. R. Civ. P. 26(c). Each Party shall have fifteen (15) business days from the receipt of any Material produced by any other Party or any third party to designate any such Material as "Confidential." During this fifteen (15) day period, any person receiving any such Material shall treat that Material as "Confidential" under the terms of this Order. Any Material designated as "Confidential" in accordance with this Order also will render "Confidential" any copies, excerpts, summaries, or other documents reflecting or referring to the substance or contents of such Material ("Confidential Material"), subject to the provisions of paragraph 4 of this Order.

6.  If Material is inspected at the Producing Person's choice of location, all such Material shall be presumed at such inspection to have been designated as

Confidential Material by the Producing Person until such time as the Producing Person provides copies to the Party who requested the Material. However, production of Confidential Material for inspection and copying shall not constitute a waiver of confidentiality and a designation of material as Confidential may occur after production.

7. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall not be given, shown, made available, or communicated in any way to anyone except those persons specified in sub-paragraph (b) below to whom it is necessary that such Confidential Material be given or shown for the purposes permitted under paragraph 3 above.

(b) Confidential Material may be disclosed, for the purposes set forth in paragraph 3 above, only to a "Qualified Person," defined as follows:

(i) counsel of record for the Parties and attorneys, clerical, paralegal and other staff employed by such counsel who are assisting in the conduct of the Litigation;

(ii) the Parties and those officers and employees of the Parties deemed necessary to aid counsel in the conduct of the Litigation, subject to paragraph 8 below;

(iii) witnesses (other than Parties) during any interview, deposition, hearing, or informal meeting conducted by counsel for a Party subject to Paragraph 8 below;

(iv) such consultants and experts retained by the Parties, or their respective counsel, as they, in good faith, deem necessary to provide assistance in connection with the conduct of the Litigation, subject to paragraph 8 below;

(v) the Court, court personnel, and jurors, subject to

paragraph 15 below;

(vi) court reporters and their employees used in connection with the conduct of the Litigation;

(vii) mediators and their employees used in connection with any efforts to mediate the Litigation;

(viii) the Secretaries of Labor and the Treasury or their departments, but only to the extent that such disclosure is required by law.

(c) Confidential Material produced under the terms of this Protective Order shall be provided to counsel, consultants, or expert witnesses employed by the Parties only for the purpose of investigating, preparing for, and conducting this Litigation, including any appeals thereof. If any such counsel, consultant, or expert witness also is counsel, a consultant, or an expert witness in another matter, such counsel, consultant or expert witness shall not use any Confidential Material produced under the terms of this Protective Order in the other matter or in any other litigation or administrative proceeding.

8. Except for the Parties, those persons described in subparagraphs 7(b)(ii) through 7(b)(iv) above to whom Confidential Material is disclosed shall first be provided with a copy of this Protective Order and advised that such Confidential Material is being disclosed pursuant to the terms of this Protective Order and that Confidential Material may not be disclosed other than pursuant to the terms set forth herein. Excluding those persons described in subparagraph 7(b)(v), any person to whom Confidential Material is disclosed shall further execute the attached "Agreement and Certification to Abide by Protective Order Governing the Treatment of Confidential Information" ("Certification") before such person may be given access to Confidential Material. It shall be the

responsibility of counsel providing such access to Confidential Material to provide each person to whom Confidential Material is disclosed a copy of this Protective Order and the attached Certification, and to retain a signed copy in counsel's files. Any person to whom Confidential Material is provided pursuant to this paragraph shall destroy such Confidential Material no later than sixty (60) days after the termination of the Litigation, including any appeals thereof, or written confirmation of same.

9. If a Party inadvertently discloses Confidential Material to persons who are not Qualified Persons, such disclosure shall be reported in writing to the Producing Person who originally produced the inadvertently disclosed Confidential Material. In that event, counsel for the Party making the inadvertent shall make all reasonable efforts to retrieve the Confidential Material and any documents containing such Confidential Material and to obtain the agreement of the person(s) to whom inadvertent disclosure was made to treat the Confidential Material in accordance with the terms of this Protective Order.

10. All documents, things, and other materials that are produced in the Litigation, whether voluntarily or as required under the Federal Rules of Civil Procedure, that contain Confidential Material, shall bear a stamp stating "CONFIDENTIAL" on each page of any such document or on a sticker affixed to any such tangible thing or other material. It shall be the responsibility of the Producing Person to cause all Confidential Material to be stamped at the time such Confidential Material is produced.

11. If Material alleged to be "Confidential" is inadvertently produced without a "Confidential" designation, such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Party would otherwise be entitled. As soon as practicable, a Producing Person shall notify the person receiving the

Confidential Material ("Receiving Party") in writing, of its inadvertent production of Confidential Material without the appropriate designation, identifying the Material with reasonable particularity.

Upon receiving such written notification, the Receiving Party shall treat the Material identified in the written notification as "Confidential" in accordance with the terms of this Protective Order.  Within ten (10) business days of sending such written notification, the Producing Person may either obtain agreement from the Receiving Party that the Material will be treated as "Confidential" pursuant to the terms of this Protective Order, or, if such agreement is not obtained, apply to the Court for an Order requiring that the Material identified in the written notification be treated as "Confidential" in accordance with the terms of this Protective Order. If no such agreement is reached or application is made within the time permitted, the Receiving Party need no longer treat the Material identified in the written notice as Confidential.  However, if such an application is made within the time permitted, the Receiving Party shall continue to treat the Material identified in the written notification as Confidential until such time as the application is finally resolved by the Court. Any Receiving Party may oppose an application by a Producing Person to have previously undesignated Material treated as "Confidential" under this Order on any grounds, including the ground that a waiver has occurred, except that no Party shall assert as a ground for opposing such an application the fact or circumstance of the inadvertent production.  Subject to the foregoing, any claim by a Party that Confidential Material has been inadvertently produced shall be governed by the applicable Federal Rules of Civil Procedure, Local Civil Rules of the United States District Court for the Central District of California, and any other controlling law.

12.     In the event Material alleged to be protected by the attorney-client privilege or work product doctrine is inadvertently produced, the following shall

apply:

(a)  Upon written notice by the Producing Person within ten (10) business days of learning of the inadvertent or unintentional disclosure of information protected by the attorney-client privilege or that constitutes attorney work product, any such Materials shall be specified by identifying the Bates number designations or such other information as to reasonably describe the Material, the Producing Person shall notify the Receiving Party that such Material was unintentionally disclosed.  Such inadvertent or unintentional production, absent a further court order, shall not constitute a waiver of the attorney-client privilege or work product immunity.

(b)  Thereafter, the Receiving Party shall return within five (5) business days the originals and all copies of the Material specified in the aforesaid written notice, subject to paragraph (c) below.

(c)  If, however, the Receiving Party disagrees that the Material is protected from disclosure by the attorney-client privilege or work-product immunity, or asserts that there has been an intentional waiver of privilege which encompasses the Material, the Receiving Party may keep one (1) copy of such Material while it moves the Court, within fifteen (15) business days of the Producing Person's written notice of inadvertent or unintentional disclosure, for an order that such Material be produced, in which case, the Party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.  The Receiving Party shall not use or rely upon any such Material until after the resolution of any such motion by the Court.

(d)  If the Receiving Party fails to file the aforesaid motion in a timely fashion, then the Receiving Party, within three (3) business days after the time to file said motion has expired, will return the originals and all

copies of the Materials that were not returned pursuant to Paragraph 12(b) herein.

13. In the event it becomes necessary at a deposition or hearing to show any Confidential Material to a witness, as described in sub-paragraph 7(b)(iii) above, any testimony related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in paragraph 10 of this Order.

14. Information or testimony disclosed at a deposition may be designated as Confidential Material by the person providing such testimony, by a Party, or by a Producing Person, if such person either:

(a) identifies on the record at the deposition those portions of the testimony that are designated as Confidential Material; or

(b) provides written notification to all Parties within ten (10) business days after the transcript is mailed as to those pages and lines of the transcript that are designated as Confidential Material. The entire transcript of any deposition shall be treated as Confidential Material until ten (10) business days after receipt of the deposition transcript. Each page of deposition transcript designated as Confidential Material shall be stamped, as set forth in paragraph 10 above, by the court reporter or counsel.

15. All documents, things, testimony, and discovery responses stamped as set forth in paragraphs 10 and 14 that are filed with the Court or attached to any pleadings, motions, or other papers filed with the Court shall be **submitted for filing** ~~filed~~ **(FFM)** under seal by filing a written application in accordance with Local Rule 79-5.1 and kept under seal until further order of the Court. Where possible, only those portions of filings with the Court that disclose matters stamped "Confidential" shall be filed under seal.

16. No Party concedes that any Material designated by any other person

as Confidential Material under any provision of this Order does, in fact, contain or reflect trade secrets, proprietary, or confidential information or has been properly designated as Confidential Material, and entering into this Order shall not prejudice, in any way, the right of a Party to seek at any time a determination by the Court of whether any particular Material should be subject to the terms of this Order.  If the Court determines that any Material designated as confidential is not confidential, any Receiving Person may treat the material without any restriction.

17. A Party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof.

18. Should any non-party seek access to Confidential Material produced in the Litigation by request, subpoena, or otherwise, the Party or other recipient of the Confidential Material from whom such access is sought, as applicable, shall promptly notify the Producing Person who produced such Confidential Material of the requested access.  If any Receiving Party (a) is subpoenaed in another action; (b) is served with a demand in another action to which he or it is a party; or (c) is served with any other legal process by one not a party to this Litigation seeking Confidential Material which was produced, the Receiving Party shall give actual written notice, by hand or facsimile transmission, within five (5) business days of receipt of such subpoena, demand, or legal process, to those who produced or designated the material.  The Receiving Party shall not produce any of the Producing Person's Confidential Material, unless ordered by a court to do so, until the later of (i) the date of production specified in, or required by, the subpoena, demand, or other legal process; or (ii) the date that any objection by the Producing Party to production of the Confidential Material is resolved by the Court. The Producing Person shall be solely responsible for asserting any objection to the requested production. Subject

to the limitations set forth above, nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

19.     Any dispute that may arise under this Protective Order, including any effort to contest the designation of Confidential Material, shall be resolved by motion before the Court upon not less than fifteen (15) days written notice, or such other notice period as the Court may order, to the Parties and the Producing Person who produced the Confidential Material at issue.  Any motion to resolve any dispute arising under this Protective Order shall follow the requirements of Local Rules 37-1 and 37-2.

20.     Prior to the use of any Confidential Material at any hearing to be held in open court, counsel who desires to use such Confidential Material shall take reasonable steps to afford opposing counsel and counsel for the Producing Person who produced such Confidential Material a reasonable opportunity to object to, or seek other remedial measures in connection with, such use.

21.     This Order shall continue to be binding throughout and after the conclusion of the Litigation, including any appeals.

22.     This Order shall be without prejudice to the rights of a Producing Person to seek further limits on disclosure or protections for the confidentiality of any Confidential Material in addition to the limits and protections provided herein, including, without limitation, that access to, or disclosure of, any Confidential Material be limited solely to counsel employed by a Party or to other specified persons and without prejudice to the rights of any other person to contest such application.

23.     Notwithstanding any provision contained herein, nothing in this Order shall restrict in any way the right of a Party to make use of its own Material (including his, her, or its deposition testimony, or the deposition testimony of any of its employees or agents) in any way it deems fit.  Within sixty (60) days after

the conclusion of the Litigation, including all appeals, all Confidential Material, and copies thereof shall be destroyed. Counsel for the applicable Parties shall certify, in writing, that all such Confidential Material within their possession or control has been destroyed.  Notwithstanding the foregoing, counsel for the Parties may retain pleadings, other papers filed with the Court or served in the course of the Litigation, interrogatories and responses, requests for production and the responses thereto, deposition transcripts and work product, subject to the limitations concerning their use stated herein.

DATED:  October 20, 2015

/S/ FREDERICK F. MUMM
Honorable Frederick F. Mumm
United States Magistrate Judge
